IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KERREY BUSER, M.D.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN L. REED, M.D., and JAMES D. SMITH,<br><br>　　　　　Defendants. | 8:04CV5002<br><br><br><br>**ORDER** |

　　　　This matter is before the court on defendants' motion for attorneys' fees. Filing No. 97. This is an action for deprivation of rights secured by the Constitution pursuant to 42 U.S.C. § 1983 and for various claims premised on state law. Plaintiff alleged in his amended complaint that he had been deprived of due process in connection with restrictions on his medical license imposed by defendant medical licensing officials. Filing No. 24. Defendants' motion to dismiss was granted with respect to all defendants other than John L. Reed and James D. Smith. Filing No. 38. The remaining defendants' motion for summary judgment was later granted and the action was dismissed. Filing No. 82. Defendants seek an award of fees pursuant to 42 U.S.C. § 1988. The case is presently on appeal to the Eighth Circuit Court of Appeals. Filing No. 92.

　　　　Under 42 U.S.C. § 1988, a district court may award attorneys' fees and expenses in a section 1983 action to a prevailing defendant upon "well-supported findings that the suit is 'frivolous, unfounded, and vexatiously brought and pursued.'" *Davis v. City of Charleston, Mo.*, 827 F.2d 317, 322 (8th Cir. 1987) (*quoting American Family Life Assurance Co. v. Teasdale*, 733 F.2d 559, 569 (8th Cir.1984)). The Eighth Circuit Court of Appeals is unwilling to approve fees awards to a prevailing defendant unless the defendant can prove that the plaintiff's case is meritless. *Marquart v. Lodge 837, Intern.*

1

*Ass'n of Machinists and Aerospace Wk'rs*, 26 F.3d 842, 851 (8th Cir. 1994). "Courts should 'resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Dillon v. Brown County, Neb.* 380 F.3d 360, 365 (8th Cir. 2004) (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421- 22 (1978)).

Based on its familiarity with the litigation, the court is unable to find that plaintiff's claims were frivolous, unreasonable or groundless.  Further, it has not been shown that plaintiff continued to litigate after the action was clearly frivolous.  Although the allegations against defendants Smith and Reed were thin, there were factual issues that remained to be developed.  Accordingly, defendants' motion for attorneys' fees will be denied.

IT IS ORDERED:

1. Defendants' motion for attorneys' fees (Filing No. 97) is denied.

DATED this 15th day of May, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge